IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
ANCHOR MANAGING GENERAL    )
AGENCY, INC.,              )
                           )
    Plaintiff,             )
                           )    CIVIL ACTION NO.
    v.                     )      2:05cv908-MHT
                           )          (WO)
LLOYD'S OF LONDON, et al., )
                           )
    Defendants.            )
```

ORDER

Now before the court is plaintiff's motion to remand this lawsuit back to state court.  "This is a civil action wherein plaintiff makes claims against [defendant] Underwriters at Lloyd's under theories of fraud, deceit, reckless and wanton conduct, negligence, wantonness, suppression and outrage relative to a Binding Authority Agreement ... and an underlying suit in which the parties were involved as co-defendants (<u>Comprehensive Shooting, Inc. v. Anchor Managing General Agency, Inc. and Lloyd's of London, et al.</u>, Circuit Court of Lee County,

Mississippi, CV02-147(PF)L ...)." Notice of Removal (Doc. No. 1), at 3-4.  Defendant then removed this lawsuit to this court based on diversity-of-citizenship jurisdiction.  28 U.S.C.A. §§ 1332, 1441.

A removing defendant has the burden of proving that the $ 75,000 amount-in-controversy requirement for diversity jurisdiction is met.  Leonard v. Enterprise Rent-a-Car, 279 F.3d 967, 972 (11th Cir. 2002).  "A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden."  Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319-20 (11th Cir. 2001).  The conclusory allegation in the notice of removal--that, for example, "plaintiff seeks recovery of an $ 11,000 settlement contribution, and unspecified attorney's fees, costs, expenses and other economic losses, compensatory and punitive damages based on conduct which it describes as 'malicious, intentional

willful, reckless, wanton and/or outrageous' (Complaint, ¶ 28)," Notice of Removal (Doc. No. 1), at 4--is therefore insufficient.

Finally, "[a]lthough [defendant] also cites 'representative cases' from Alabama courts that it contends prove the value of this case, the factual backgrounds in those cases are not identical to the present case, so the court cannot draw any definitive conclusions from them. Some juries may have awarded damages beyond the jurisdictional limit for similar causes of action, but that does not prove that a jury would award more than $ 75,000 on the particular facts of this case." Alexander v. Captain D's LLC, ___ F. Supp.2d ___, ___, 2006 WL 1765902,*2 (M.D. Ala. 2006).

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand (Doc. No. 8) is granted and that, pursuant to 28 U.S.C.A. § 1447(c), this cause is remanded to the Circuit Court of Montgomery County, Alabama, for want of subject-matter jurisdiction.

All other motions are left for resolution by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 4th day of August, 2006.

    /s/ Myron H. Thompson
**UNITED STATES DISTRICT JUDGE**